UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWN MARIE CLOUTIER,

    *Plaintiff*,   CASE NO. 1:17-cv-13722

v.   DISTRICT JUDGE NANCY G. EDMUNDS
    MAGISTRATE JUDGE PATRICIA T. MORRIS

COMMISSIONER OF
SOCIAL SECURITY,

    *Defendant*.
_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS
(Doc. 17)

**I.   RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the Court convert Defendant's unopposed motion to dismiss to a motion for summary judgment (Doc. 17), **GRANT** Defendant's motion, and **DISMISS** the case.

**II.   REPORT**

    **1.   Background**

On November 15, 2017, Plaintiff Dawn Marie Cloutier—who proceeds *pro se* and *in forma pauperis* (IFP)—filed this civil case seeking review of defendant Commissioner of Social Security's decision not to grant her claim for Supplemental Security Income. (Doc. 1). Along with her complaint, Plaintiff filed an incomplete application to proceed

1

IFP missing information regarding her monthly expenses, dependents, and debts, (Doc. 2); shortly thereafter the Court ordered her to show cause why it should not deny her application, (Doc. 5). When Plaintiff complied, the order was vacated, (Doc. 8), and Plaintiff's application to proceed IFP was granted, (Doc. 9).

In early December 2017, the Court ordered Plaintiff to complete the required documents for service of process by the U.S. Marshal. (Doc. 10). After more than a month had passed with no response, on January 23, 2018, the Court ordered Plaintiff to show cause why it should not recommend her case be dismissed under Federal Rule of Civil Procedure 41(b). (Doc. 11). Just over a month later, Plaintiff filed a response generally explaining her circumstances and why she believed her claim for benefits should be granted. (Doc. 13). Summons issued on February 28, 2018. (Doc. 14.)

On May 14, 2018, Defendant filed a motion to dismiss in lieu of an Answer. (Doc. 17). When Plaintiff remained silent, on June 19, 2018, the Court issued an order requiring Plaintiff to respond to Defendant's motion by July 10, 2018. (Doc. 18). As of the current date—several weeks past Plaintiff's deadline—the Court has still received no communication from Plaintiff. The case is before the undersigned Magistrate Judge by order of reference dated November 16, 2017. (Doc. 4).

## 2. Analysis and Conclusions

Currently before the Court is Defendant's unopposed Motion to Dismiss under Federal Rule of Procedure 12(b)(6). (Doc. 17). Defendant argues for dismissal on the basis that Plaintiff untimely filed her civil case, and no extraordinary circumstances in this case justify equitable tolling of the statute of limitations. (*Id*.)

2

Defendant has appended several documents to the motion, including a declaration from Cristina Prelle, Social Security Administration Acting Chief of Court Case Preparation, the Administrative Law Judge's (ALJ's) decision in Plaintiff's case and the accompanying notice, and the notice of the Appeals Council's decision in Plaintiff's case. (Doc. 17 at PageID.106-133). Had an Answer been filed, the administrative record would also have been filed such that the ALJ's decision and Appeal's Council documents would also have been made part of this court's record. Thus, reference to those documents would not require the court to convert the instant motion to one for summary judgment. However, the declaration of Ms. Prelle is a matter outside the pleading that Defendant relies on to support its motion and the affirmative defense that the instant complaint is untimely under the applicable limitation period. *Williams v. Berryhill*, No. 3:16-cv-3468, 2017 WL 2983318, at *1-2 (N.D. Texas June 5, 2017)(statute of limitations defense supported by declaration to support motion to dismiss required the court to look beyond the pleadings and required conversion to a motion for summary judgment).

I therefore find that Court should convert Defendant's motion to a motion for summary judgment. In the case of conversion, Rule 12(d) requires that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). I suggest that the extensive time allotted Plaintiff to respond, both to Defendant's motion and to the Court's order requiring a response to that motion, suffices.

The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex*

3

*Corp. v. Catrett*, 477 U.S. 317 (1986)). The non-moving party has an obligation to respond to the motion and present "significant probative evidence" to show "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339–40 (6th Cir. 1993). The non-movant cannot rest on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Judicial appeals of Social Security decisions are authorized and governed by 42 U.S.C. § 405(g), which provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Consistent with this statutory authority, the Commissioner's regulations provide that such a civil action

> must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision . . . is received by the individual . . . . For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision . . . shall presumed to be 5 days afer the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c). The statute of limitations as set forth in section 405(g) serves the dual purpose of eliminating stale claims and providing "a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986). Courts have strictly construed the statute of limitations in Social Security appeals. "Even one day's delay in filing the action is fatal." *Wiss v. Weinberger*,

4

415 F. Supp. 293, 294 (E.D. Pa. 1976). *See also Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (affirming district court's dismissal of complaint filed one day late); *Watson v. Comm'r of Soc. Sec.*, No. 1:06-cv-446 (W.D. Mich. Sept. 10, 2007) (appeal dismissed as untimely when filed four days late); *Zampella v. Barnhart*, No. 03-232-P-C, 2004 WL 1529297 (D. Me. June 16, 2004) ("[w]hile this result might be considered harsh, delays of a single day have been held to require dismissal").

The limitation set forth in § 405(g) is not jurisdictional and, thus, is subject to equitable tolling in the appropriate case. *Bowen v. City of New York*, 476 U.S. 467, 478 (1986). "[I]n the context of § 405(g), the '[p]laintiff bears the burden of establishing the exceptional circumstances that warrant equitable tolling.'" *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007). In determining whether to apply equitable tolling, courts are to consider the following factors: (1) plaintiff's lack of actual notice of the filing requirement; (2) plaintiff's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) plaintiff's reasonableness in remaining ignorant of the legal requirement for filing one's claim. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007). Equitable tolling generally "applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 560-61 (6th Cir. 2000).

Here, in a notice dated August 20, 2017, the Appeals Council notified Plaintiff by mail that her request for review had been denied, making "the Administrative Law Judge's decision . . . the final decision of the Commissioner of Social Security in your case." (Doc.

5

1 at PageID.7; Doc. 17 at PageID.128). Accordingly, Plaintiff is presumed to have received the notice by August 25, 2017, and her sixty-day deadline fell on October 24, 2017. 20 C.F.R. § 422.210(c). Plaintiff filed her case on November 15, 2017—some twenty-two days late, by the undersigned's count. (Doc. 1). Plaintiff has not disputed when she received the notice or when she filed her complaint.

While the Commissioner can grant a claimant an extension of time for good cause under 42 U.S.C. 405(g) and 20 C.F.R. § 422.210, Defendant presents evidence that no extension was granted, (Doc. 17 at PageID.108-109), and Plaintiff has not made any argument or presented any evidence to the contrary.

As to equitable tolling, even if Defendant is not prejudiced by the untimely filing, Plaintiff received actual notice of the filing requirement as evidenced by her attaching the Notice from the Appeals Council to her complaint (Doc. 1 at PageID.7), Plaintiff was not diligent in pursuing her case at its inception or after filing the complaint, Plaintiff has not behaved reasonably and circumstances were not beyond her control. *Cook, supra; Graham-Humphreys, supra; Cf. Stuller v. Comm'r of Social Security*, No. 1:15-CV-345-TLS, 2017 WL 6034366, at * 3 (N.D. Ind. Dec. 5, 2017)(collecting cases where equitable tolling was appropriate, e.g., where a plaintiff received misleading information from a social security office, or attempted diligently to contact an office to discover the deadline). Therefore, I suggest that equitable tolling should not apply.

Accordingly, **IT IS RECOMMENDED** that the Commissioner's motion be **GRANTED** and that the case be **DISMISSED.**

**III.    REVIEW**

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

7

Date: July 31, 2018                           S/ PATRICIA T. MORRIS
                                              Patricia T. Morris
                                              United States Magistrate Judge

## CERTIFICATION

     I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Dawn Marie Cloutier at 5426 Spruce Drive, Croswell, MI 48422.

Date: July 31, 2018                           By s/Kristen Castaneda
                                              Case Manager